UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE YASMIN GUEVARA MARCANO, | Case No. 2:26-cv-01863-TMC |
| Petitioner, | ORDER GRANTING WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANEZ, et al., | |
| Respondent. | |

## I.    INTRODUCTION

Before the Court is Jose Yasmin Guevara Marcano's petition for writ of habeas corpus. Dkt. 1. Guevara Marcano argues that his re-detention without notice or a hearing violates his right to procedural due process. Dkt. 1 at 13–14. He seeks an order requiring his immediate release from Respondents' custody and injunctive relief requiring notice and an opportunity to be heard before he is re-detained. *Id.* For the following reasons, the Court GRANTS his petition.

## II.    BACKGROUND

Guevara Marcano, a citizen of Venezuela, entered the United States on May 13, 2024 to seek asylum with his partner and three children. Dkt. 8 ¶ 4; Dkt. 2 ¶¶ 5–6. He was arrested and detained by United State Customs and Border Patrol, provided a notice to appear, and released soon after on an order of recognizance ("OREC"). Dkt. 8 ¶ 4. Conditions of his OREC included

ORDER GRANTING WRIT OF HABEAS CORPUS - 1

him regularly "submit[ting] a photo to ICE via a notification system," and "check[ing] in at the ICE office once a month." Dkt. 2 ¶ 12; Dkt. 8 ¶ 6.

Guevara Marcano applied for asylum in January 2025 and received work authorization in September 2025. Dkt. 2 ¶¶ 10–11; Dkt. 8 ¶ 5.

On May 1, 2026, Guevara Marcano appeared at the ICE office for his scheduled check in, where officers concluded that Guevara Marcano had "10 biometric check-in violations of the Alternative to Detention ("ATD") program." *Id.* ¶ 6. He was detained, his OREC was cancelled, and Guevara Marcano was transported to NWIPC. *Id*. On June 9, the immigration court denied Guevara Marcano relief and ordered him removed to Venezuela. *Id.* ¶ 8. Guevara Marcano reserved appeal. *Id.*

The instant petition was filed on May 29, 2026. Dkt. 1. Respondents filed their response on June 15, 2026. Dkt. 6. Guevara Marcano filed his reply on June 22, 2026. Dkt. 9.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.    DISCUSSION

#### A.    Release

Guevara Marcano seeks his immediate release, arguing that his re-detention without notice or a hearing violates his right to procedural due process. Dkt. 1 at 13–14. In support of his petition, Guevara Marcano analyzes his circumstances through the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), and discusses several cases from this district and

ORDER GRANTING WRIT OF HABEAS CORPUS - 2

elsewhere that have granted release to similarly situated petitioners. Dkt. 1 at 8; *see, e.g., E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *2–3 (W.D. Wash. Sept. 17. 2025).

The principles of *Mathews* and procedural due process as applied to noncitizens living in the community under orders of supervision have been repeatedly established by the courts of this District. This Court will not retread that ground in each individual case arising from Respondents' ongoing detention of noncitizens in violation of those principles. Instead, the Court will focus on whether anything in the record distinguishes a petition from this District's body of cases on procedural due process.

Respondents acknowledge that courts "in this district have granted habeas petitions in similar circumstances," including the analogous case *Saley v. Scott*. Dkt. 6 at 8 (citing No. 2:26-CV-00797-JNW, 2026 WL 914810, at *6 (W.D. Wash. Apr. 3, 2026)). In *Saley*, the court found the revocation of petitioner's liberty without a re-detention hearing violated due process despite missed check ins. 2026 WL 914810, at *4–5. Respondents argue that Guevara Marcano's case is distinguishable from *Saley* because Guevara Marcano missed one more check in. Dkt. 6 at 9. Respondents' argument is unpersuasive as they do not explain how this additional check in materially affects the Court's analysis under *Matthews*. With the circumstances of Guevara Marcano being indistinguishable, the Court finds that his re-detention without notice or hearing violates his right to procedural due process. Accordingly, Respondents are to release Guevara Marcano within twenty-four hours of this order, subject to the conditions of his prior OREC.

**B.      Injunctive Relief**

Guevara Marcano also seeks injunctive relief in the form of an order prohibiting Respondents from "re-detaining him without written notice and a hearing prior to re-detention

where Respondents must prove that he is a flight risk or danger to the community, and that no alternatives to detention would mitigate those risks." Dkt. 9 at 9. Respondents do not address this request in their briefing.

A petitioner "seeking a permanent injunction . . . must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Guevara Marcano has suffered irreparable injuries—his unlawful re-detention and violation of his due process rights, and the suffering of his family while he has been detained— where monetary damages are unavailable or inadequate to compensate him. *Saadhom v. Bondi*, No. 2:26-CV-00425-TL, 2026 WL 698786, at *6 (W.D. Wash. Mar. 12, 2026) (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). The balance of hardships leans in favor of Guevara Marcano, "as the injunction requires only that Respondents comply with the Constitution before re-detaining him." *Saley*, 2026 WL 914810, at *5. Lastly, "the public interest is served by an order prohibiting Respondents from violating the Due Process Clause." *Id.*

Guevara Marcano has satisfied the requirements for a permanent injunction. Accordingly, absent circumstances urgently requiring arrest, the Court prohibits Respondents from "re-detaining him without written notice and a hearing prior to re-detention where Respondents must prove that he is a flight risk or danger to the community, and that no alternatives to detention would mitigate those risks." Dkt. 9 at 9; *see Guillermo M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D. Cal. 2025) ("There may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate.").

## V.    CONCLUSION

For the previously mentioned reasons, the Court orders the following:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within ONE day of this Order, Respondents must RELEASE Petitioner Jose Yasmin Guevara Marcano subject to the terms of his previous OREC.

3.    Respondents shall file a status report confirming Petitioner's release no later than July 17, 2026.

4.    Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

5.    Absent circumstances urgently requiring arrest or an administratively final order of removal, Respondents are ENJOINED from re-detaining Guevara Marcano without written notice and a hearing before re-detention where Respondents must prove that he is a flight risk or danger to the community, and that no alternatives to detention would mitigate those risks.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 15th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING WRIT OF HABEAS CORPUS - 5